United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>JOSEPH SHAYOTA, et al.,<br><br>        Defendants. | Case No. 15-CR-00264-LHK<br><br>**ORDER REGARDING MOTIONS FOR SEVERANCE**<br><br>Re: Dkt. Nos.  111, 117 |

A three-count indictment was filed on May 14, 2015 against defendants Joseph Shayota, Adriana Shayota, Justin Shayota, Walid Jamil, Raid Jamil, Kevin Attiq, Fadi Attiq, Leslie Roman, Juan Romero, Mario Ramirez, and Camilo Ramirez (collectively, "Defendants").  ECF No. 1 ("Indictment").  All Defendants are named in each of the three counts of the Indictment, which relates generally to alleged conspiracies to manufacture and distribute counterfeit bottles of a liquid dietary supplement known as "5-Hour ENERGY."  *Id.* ¶ 1.

Currently before the Court are defendants Kevin Attiq's and Fadi Attiq's (the "Attiqs") Motion for Severance, ECF No. 111, as well as defendant Joseph Shayota's Motion for Severance, ECF No. 117.  Defendant Walid Jamil ("Jamil") joins both motions.  ECF No. 120.  The Government filed oppositions.  *See* ECF Nos. 125, 132.  The Attiqs and Joseph Shayota filed

1   replies.  ECF Nos. 134, 135.

2       A hearing on these motions is currently set for May 13, 2016.  The Court has considered

3   the submissions of the parties, the record in this case, and the relevant law and finds these motions

4   suitable for disposition without oral argument.  The Court accordingly VACATES the May 13,

5   2016 hearing on the Motions for Severance.  For the reasons set forth below, the Attiqs' Motion

6   for Severance, ECF No. 111, is GRANTED.  The Attiqs shall be tried together, but separately

7   from the remaining defendants.  Joseph Shayota's Motion for Severance, ECF No. 117, is

8   DENIED without prejudice.

9   **I.      DISCUSSION**

10      **A. Kevin Attiq's and Fadi Attiq's Motion for Severance (ECF No. 111)**

11          **1.  Background and Legal Standard**

12      The Attiqs move pursuant to Federal Rule of Criminal Procedure 14 for severance from

13  co-defendants Joseph Shayota, Justin Shayota, and Walid Jamil.  ECF No. 111 at 10–16.  Walid

14  Jamil joins the motion.  ECF No. 120.  The Government opposes the motion.  ECF No. 125 at 7–

15  13.

16      The Attiqs' primary argument that severance is warranted is that the Shayotas and Jamil

17  (the "co-defendant witnesses") would offer exculpatory testimony showing the Attiqs lacked

18  knowledge of wrongdoing if tried separately from the Attiqs, but would exercise their Fifth

19  Amendment right to refuse to testify in a joint trial.  ECF No. 111 at 10–13.   The Attiqs illustrate

20  the potential testimony with excerpts from the three co-defendant witnesses' depositions in related

21  civil proceedings.  *See* ECF No. 111 at 11–13; ECF No. 111–3 at Exhibits 1–3 (deposition

22  excerpts).

23      The general rule is that defendants jointly charged are jointly tried.  *See United States v.*

24  *Gay*, 567 F.2d 916, 919 (9th Cir. 1978).  This rule applies in conspiracy cases.  *United States v.*

25  *Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *see also United States v. Fernandez*, 388 F.3d

26  1199, 1242 (9th Cir. 2004), *as modified by* 425 F.3d 1248 (9th Cir. 2005) (noting that "a joint trial

27  is particularly appropriate where the co-defendants are charged with conspiracy").  Federal Rule of

28

Case No. 15-CR-00264-LHK
ORDER REGARDING MOTIONS FOR SEVERANCE

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Criminal Procedure 14 provides that a district court, in its discretion, may grant a severance when

2   it appears that a joint trial would prejudice a defendant.  Where the basis for a claim for severance

3   is the need for a co-defendant's testimony, a district court should weigh factors including (1) "the

4   good faith of the defendant's intent to have a codefendant testify;" (2) "the possible weight and

5   credibility of the predicted testimony;" (3) "the probability that such testimony will materialize;"

6   (4) "the economy of a joint trial;" and (5) "the degree to which the asserted codefendant testimony

7   is exculpatory." *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991) (citing *United States*

8   *v. Kaplan*, 554 F.2d 958, 966 (9th Cir.) (per curiam)).

9   **2.  Discussion Concerning the Attiqs' Motion for Severance**

10          To determine whether severance is warranted, the Court applies the factors identified in

11   *Mariscal*.  The Court has no reason to doubt the Attiqs' "good faith . . . intent to have a

12   codefendant testify," *Mariscal*, 939 F.2d at 885, and the Government's opposition does not raise a

13   specific challenge to the Attiq's motion on that ground.  *See* ECF No. 125 at 12–13.  The Court

14   must also consider, however, "the probability that such testimony will materialize." *Mariscal*, 939

15   F.2d at 885.  The Government asserts that the exculpatory testimony proposed by the Attiqs will

16   not materialize if severance is granted.  Specifically, the Government represents that it "has not

17   offered to immunize any of the [co-defendant] witnesses," and notes that that the co-defendant

18   witnesses would be subject to cross-examination in the Attiqs' trial.  ECF No. 125 at 12.  The

19   Government thus argues that it is likely that, "after a severance is granted,  . . . the [co-defendant

20   witnesses] would invoke the Fifth Amendment and refuse to testify" at the Attiqs' trial.  *Id.*

21          The Court finds that the Attiqs have made a reasonable showing that Walid Jamil would

22   testify if severed, but that the Attiqs have failed to establish a reasonable probability that Joseph or

23   Justin Shayota would do so.  Although the Attiqs state that they will provide declarations from the

24   Shayotas demonstrating their willingness to testify, ECF No. 111 at 13, no such declaration (or

25   other evidence tending to suggest the testimony would materialize) is presently in the record.  In

26   contrast, the Attiqs have provided a declaration from Walid Jamil directly stating that he would

27   testify on behalf of the Attiqs if their case were to be severed, but that he would not wish to testify

28

3

1    at a joint trial.  ECF No. 135–1.  While the Government may ultimately be correct that Jamil will

2    refuse to testify, on the present record, he has formally stated that he will do so.  The Attiqs'

3    request is thus unlike the typical case where severance is sought on bare assertions that

4    exculpatory testimony will appear.  *See, e.g.*, *United States v. Castro*, 887 F.2d 988, 998 (9th Cir.

5    1989) ("Cotter asserts only that it was likely that Castro would testify.  There is no showing that

6    Castro offered or agreed to testify on Cotter's behalf, or that he would have so testified if the trials

7    had been severed.  Cotter failed to make the necessary foundational showing in support of his

8    severance motion on this ground.").

9          Because the Attiqs have made an adequate foundational showing, the Court next considers

10   "the possible weight and credibility of the predicted testimony" and "the degree to which the

11   asserted codefendant testimony is exculpatory."  The Attiqs have made a reasonably specific

12   showing, in the form of deposition transcript excerpts, of testimony that would be unavailable if

13   Jamil were to refuse to testify in a joint trial.  That testimony may be summarized as stating

14   Jamil's belief that the Attiqs were not aware of counterfeiting.  *See* ECF No. 111 at 12–13.  In

15   particular, Jamil's declaration states that he would testify, as he did at his deposition, that the

16   Attiqs lacked "knowledge of a criminal scheme."  ECF No. 135-1 at 2.  Although the proffered

17   testimony suggests a lack of knowledge and substantive involvement in the alleged wrongdoing by

18   both Attiqs, *see* ECF No. 113-3, Jamil's testimony appears to be particularly exculpatory with

19   regard to Fadi Attiq.  *See* ECF No. 135–1 ("Q: Did he have any involvement, did he perform any

20   work on this project, Fadi Attiq?  A:  Not at all.").  In addition, given Jamil's apparent centrality to

21   the charged conspiracy, *see* Indictment ¶ 9, a jury could find his testimony that the Attiqs were

22   unwitting participants in wrongdoing to be credible.

23         In considering the Attiqs' motion, the Court is mindful of the substantial interest in judicial

24   economy of a joint trial in this complex conspiracy case.  *See* ECF No. 74 at 8 (noting that "the

25   instant case presents numerous complex factual issues" and that "multiple trials would impose a

26   significant financial and logistical burden upon the Government"); *Mariscal*, 939 F.2d at 886

27   (defendant must show that testimony is "substantially exculpatory," not merely favorable, to

28

Case No. 15-CR-00264-LHK
ORDER REGARDING MOTIONS FOR SEVERANCE

United States District Court
Northern District of California

1  warrant severance).  Here, however, that interest does not outweigh the potential prejudice to the

2  Attiqs from the loss of the specific exculpatory testimony they have identified in this case.

3          The Court thus concludes that *Mariscal* factors, viewed as a whole, weigh in favor of

4  severance on the present record.  The Attiqs' motion for severance is GRANTED.  The Attiqs

5  shall be tried together, but separately from the remaining defendants.  Because the Court grants the

6  motion for severance, it need not address the Attiqs' additional arguments for severance.

7  **B. Joseph Shayota's and Walid Jamil's Motion for Severance (ECF No. 117)**

8          Defendant Joseph Shayota ("Shayota") moves pursuant to Federal Rule of Criminal

9  Procedure 14 for severance from co-defendant Walid Jamil.  ECF No. 117.  Walid Jamil joins the

10  motion.  ECF No. 120.  The Government opposes the motion.  ECF No. 132.  Shayota contends

11  that severance from Jamil is appropriate for three reasons: (1) on *Bruton* grounds; (2) because of

12  Shayota's and Jamil's potentially mutually antagonistic defenses; and (3) because of the potential

13  for "spill-over" prejudice if Jamil's testimony on past repackaging and governmental

14  investigations is introduced at a joint trial.[1]  Because the Court finds that the severance motion on

15  *Bruton* grounds is premature and DENIES severance without prejudice, the Court need not reach

16  the motion's additional arguments for severance at this time.

17          Shayota contends that severance is warranted because the Government will seek to

18  introduce at trial out-of-court confessions or admissions made by Jamil in the form of deposition

19  testimony from the related civil proceedings.  Shayota argues that those statements are facially

20  inculpatory as to Shayota.  As a result, Shayota argues, the introduction of Jamil's out-of-court

21  statements at a joint trial would violate Shayota's Sixth Amendment rights.  *See Bruton v. United*

22  *States*, 391 U.S. 123, 135–37 (1968); ECF No. 117 at 3–7.

23          The Government acknowledges that a *Bruton* issue could arise if Jamil's out-of-court

24

25  [1] The Court notes that the remedy for such "spill-over" prejudice is generally an appropriate jury
instruction, not severance.  *See, e.g.*, *United States v. Macias-Curiel*, 314 F. App'x 50, 54 (9th Cir.

26  2009) (unpublished) (motion properly denied where "any prejudice was cured by the district
court's repeated instructions to the jury to consider such evidence only against" one defendant).

27

28

United States District Court
Northern District of California

1   statements are introduced at a joint trial with Shayota and Jamil elects to invoke his Fifth

2   Amendment right not to testify.  ECF No. 132 at 7.  The Government does not, however, indicate

3   at this juncture whether or not it actually intends to introduce Jamil's statements at a joint trial or

4   what statements it will introduce.  Instead, the Government requests an opportunity to provide co-

5   defendant statements for inspection under Federal Rule of Criminal Procedure 14(b) before the

6   Court rules on the motion.  *Id.* at 2, 11.

7          The Court agrees that a motion for severance is premature.  By separate order, the Court

8   set a deadline of August 19, 2016 for the Government to provide notice to all Defendants of any

9   co-defendant statements and redactions that the Government will introduce at trial.  ECF No. 144

10   at 9.  Shayota may re-raise severance issues as necessary after those disclosures have been made.

11   **II.      CONCLUSION**

12          In summary, for the foregoing reasons, the Attiqs' Motion for Severance, ECF No. 111, is

13   GRANTED.  The Attiqs shall be tried together, but separately from the remaining defendants.

14   Joseph Shayota's Motion for Severance, ECF No. 117, is DENIED without prejudice.

15   **IT IS SO ORDERED.**

16   Dated: May 10, 2016

17   _____

18   LUCY H. KOH
     United States District Judge

19

20

21

22

23

24

25

26

27

28

6

United States District Court
Northern District of California