UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH SHAYOTA, et al.,<br><br>　　　　　Defendants. | Case No. 15-CR-00264-LHK-1<br><br>**ORDER ADDRESSING MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 229, 230, 231, 235, 236 |

Defendants Joseph Shayota, Adriana Shayota, Walid Jamil, Kevin Attiq, Fadi Attiq, Mario Ramirez, and Camilo Ramirez (collectively, "Defendants"), were indicted on May 14, 2015. ECF No. 1. After the Court found that Counts Two and Three of the Indictment were "multiplicitous of each other," ECF No. 144, the Government filed a two-count Superseding Information on June 29, 2016, ECF No. 169 ("Superseding Information"). The first count in the Superseding Information alleges that the Defendants conspired to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a). The second count alleges that the Defendants conspired to commit criminal copyright infringement and to introduce misbranded food into interstate commerce, in violation of 18 U.S.C. § 371. A final pretrial conference will take place on October 5, 2016. Trial will begin on October 24, 2016. In the interest of expeditiously providing the parties with rulings that may assist their

1

trial preparation, this Order resolves the motions in limine filed by the government, Camilo Ramirez, Mario Ramirez, and Walid Jamil. This Order also addresses Adriana Shayota's motion in limine number 2. The Court will defer ruling on Adriana Shayota's motion in limine number 1, which addresses the government's timely disclosure of evidence, until the pretrial conference set for October 5, 2016. In ruling on these motions in limine, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in Federal Rule of Evidence 403.

**I. Government's Motion in Limine No. 1**

The government's motion in limine number 1, to preclude Defendants from presenting any inappropriate argument at trial, is GRANTED in part and DENIED in part. This motion has three parts.

First, the government's motion seeks to preclude Defendants from using the terms "unfairly singled out," "persecuted," and that "other individuals should have been charged." ECF No. 229, at 2–3. The government contends that these terms are relevant only to a claim of selective prosecution, that Defendants cannot establish a claim of selective prosecution, and that selective prosecution is not an appropriate defense at trial. *Id.* Defendants respond that they do not intend to present a claim for selective prosecution. ECF No. 249, at 2; ECF No. 265, at 2; ECF No. 267, at 2. However, several Defendants assert that they do intend to argue that the government's investigation was incompetent. ECF No. 249, at 2; ECF No. 265, at 2. Accordingly, these Defendants contend that the government's motion should be denied insofar as the motion seeks to prevent Defendants from arguing at trial that the government conducted an insufficient investigation.

The Court agrees that the terms "persecuted" and "unfairly singled out" are irrelevant because Defendants do not intend to present a claim for selective prosecution. *See* Fed. R. Evid. 402. Moreover, these terms are unduly prejudicial under Federal Rule of Evidence 403. *See* Fed. R. Evid. 403. Accordingly, the Court GRANTS the government's motion in limine to preclude the use of these phrases. The Court DENIES without prejudice, however, the government's

2

1  motion in limine to prevent the use of the phrase "other individuals should have been charged."
2  The Defendants are entitled to question at trial the sufficiency of the government's investigation.
3  The Government may raise objections to specific questions at trial.
4         Second, the government's motion seeks to preclude Defendants from presenting several
5  categories of arguments and evidence "that will encourage jury nullification." ECF No. 229, at 3.
6  Defendants agree that argument relating to "jury nullification" is irrelevant. ECF No. 249, at 5;
7  ECF No. 265, at 1; ECF No. 267, at 3. However, Defendants object to several of the broad
8  categories of argument that the government enumerates as supportive of jury nullification. The
9  government's motion is GRANTED in part and DENIED without prejudice in part as to each of
10 these categories of arguments and evidence:

| | |
|---|---|
| 1. That this case is essentially a civil matter that was previously litigated and resolved in civil proceedings | DENIED without prejudice. The parties may object to specific questions at trial. |
| 2. That defendants' conduct, even if proven, should not rise to the level of a criminal violation | DENIED without prejudice. The parties may object to specific questions at trial. |
| 3. Any reference to punishment or the consequences that may result if the defendants are convicted at trial | GRANTED. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). <br> The government's motion in limine is limited to the Defendants who are proceeding to trial. As Mario Ramirez asserts, the Defendants may cross-examine any cooperating co-defendant who testifies regarding possible punishment for impeachment purposes. |
| 4. Excessive or repeated references to the defendants' families, or other references that are clearly an attempt to elicit jury sympathy | DENIED without prejudice. The parties may object to specific questions at trial. |

       Third, the government's motion seeks to prevent defense counsel from vouching. ECF No.
229, at 6. Defendants agree that they do not intend to vouch. ECF No. 249, at 5; ECF No. 265, at
2; ECF No. 267, at 4. Defense counsel—and the prosecutor—may not offer personal opinions on

the guilt or innocence of Defendants. *United States v. Young*, 470 U.S. 1, 8–9 (1985) ("Defense counsel, like the prosecutor, must refrain from interjecting personal beliefs into the presentation of his case."). Accordingly, this motion is GRANTED.

### II. Government's Motion in Limine No. 2

The government's motion in limine number 2 seeks to prevent Defendants from eliciting inappropriate character evidence. Specifically, the motion requests that the Court prevent Defendants from introducing evidence of Defendants' good character to prove that Defendants did not engage in the charged conspiracy. ECF No. 229, at 6. Defendants agree to comply with Rule 404(b) and do not intend to introduce inappropriate character evidence. ECF No. 249, at 5–6; ECF No. 265, at 2; ECF No. 267, at 6–7. Walid Jamil clarifies, however, that he intends to present "evidence of his participation in 'prior legitimate business dealings' . . . not as character evidence, but" rather to establish that he did not knowingly participate in the conspiracy alleged. ECF No. 267, at 4; *see also* 18 U.S.C. § 2320(g) (prohibiting the government from bringing a criminal cause of action for trafficking in counterfeit goods if the repackaging was "not intended to deceive or confuse"). The government's motion in limine to prevent Defendants from introducing inappropriate character evidence is consistent with Rule 404(b) of the Federal Rules of Evidence and is accordingly GRANTED. *See* Fed. R. Evid. 404(b)(1). However, this does not prevent Walid Jamil from introducing evidence, consistent with Rule 404(b), of his past participation in prior legitimate business dealings in order to establish knowledge, rather than as character evidence.

### III. Adriana Shayota's Motion in Limine No. 2 and Camilo Ramirez's Motion in Limine

Adriana Shayota's motion in limine number 2 seeks to join the in limine motions of her codefendants. ECF No. 235, at 4. Similarly, Camilo Ramirez's motion in limine seeks to join Mario Ramirez's motions in limine. ECF No. 231. These motions are GRANTED.

### IV. Mario Ramirez's Motion in Limine No. 1

Mario Ramirez's motion in limine number 1, joined by Camilo Ramirez and Adriana

4
Case No. 15-CR-00264-LHK-1
ORDER ADDRESSING MOTIONS IN LIMINE

Shayota, requests additional peremptory challenges. ECF No. 230, at 3. The government opposes this motion and further requests that, if the Court were to grant additional peremptory challenges to Defendants, that the Court also grant additional peremptory challenges to the government. ECF No. 266, at 2–3.

Federal Rule of Criminal Procedure 24(b) provides that, in a non-capital felony case, "[t]he government has 6 peremptory challenges and the . . . defendants jointly have 10 peremptory challenges." Fed. R. Crim. P. 24(b)(2). The Court will empanel two alternate jurors at each trial, and thus each side is also entitled to one additional peremptory challenge. *See* Fed. R. Crim. P. 24(c)(4)(A). It is within the Court's discretion to grant additional peremptory challenges to multiple defendants. Fed. R. Crim. P. 24(b); *see also United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986) ("The award of additional challenges is permissive, not mandatory, and rests in the trial court's sound discretion" (citation omitted)). Further, the Court "may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b).

On May 10, 2016, the Court granted Kevin and Fadi Attiq's motions to sever. ECF No. 145, at 1. On August 26, 2016, the government met with Defendants and agreed to sever the trial of Joseph and Adriana Shayota. ECF No. 208, at 1. On September 13, 2016, the Court granted Mario and Camilo Ramirez's motions to sever. ECF No. 238, at 1. Accordingly, there are now four separate trials, and each trial contains no more than two defendants. *Id.* at 1–2. Specifically, Walid Jamil will be tried in trial number 1; Joseph and Adriana Shayota will be tried in trial number 2; Kevin and Fadi Attiq will be tried in trial number 3; and Mario and Camilo Ramirez will be tried in trial number 4. *Id.* These severances reduced Defendants' need for additional peremptory challenges. Moreover, Defendants in each of these trial groupings share close familial relationships: Joseph and Adriana Shayota are husband and wife, Mario and Camilo Ramirez are father and son, and Kevin and Fadi Attiq are brothers. Their lawyers have been cooperating thus far and have filed joint motions. Indeed, Kevin and Fadi Attiq share the same attorney. Thus, Defendants in these trial groupings should be able to cooperate in exercising peremptory challenges. Furthermore, maintaining the number of peremptory challenges provided in Rule

5

Case No. 15-CR-00264-LHK-1
ORDER ADDRESSING MOTIONS IN LIMINE

24(b) will contribute to the expeditious resolution of trial. *See McClendon*, 782 F.2d at 788 (noting that "[i]t was proper for the [district] court to consider the need for expeditious proceedings in" rejecting the parties' requests for additional peremptory challenges). Accordingly, this motion is DENIED.

**V. Mario Ramirez's Motion in Limine No. 2**

Mario Ramirez's motion in limine number 2, joined by Camilo Ramirez and Adriana Shayota, seeks to preclude the government from asking the interviewing agents or lawyers questions about the credibility of witness testimony at trial. ECF No. 230, at 3. The government does not oppose this motion. ECF No. 266, at 1. Moreover, the moving Defendants' request is consistent with Ninth Circuit case law. "Credibility is a matter to be decided by the jury." *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031, 1035 n.1 (9th Cir. 1997) (en banc). An expert witnesses may not testify at trial as to whether witnesses testimony "in this particular case could be believed" by the jury. *Id.* This motion is GRANTED.

**VI. Mario Ramirez's Motion in Limine No. 3**

Mario Ramirez's motion in limine number 3, joined by Camilo Ramirez and Adriana Shayota, requests that the Court bifurcate the forfeiture allegations from the guilt phase of trial. ECF No. 230, at 4. The government does not oppose this motion. ECF No. 266, at 2. This motion is consistent with the Ninth Circuit's instruction "that trial courts should bifurcate forfeiture proceedings from ascertainment of guilt." *United States v. Feldman*, 853 F.2d 648, 662 (9th Cir. 1988). This motion is GRANTED.

**VII. Mario Ramirez's Motion in Limine No. 4 and Walid Jamil's Motion in Limine Nos. 3 and 4**

Mario Ramirez's motion in limine number 4 and Walid Jamil's motions in limine numbers 3 and 4, joined by Camilo Ramirez and Adriana Shayota, seek to preclude the use of the term "defendant" to refer to Defendants in this matter and to preclude the use of the term "victim" to refer to 5-Hour Energy. ECF No. 230, at 5–7; ECF No. 267, at 3–6.

Referring to a defendant in this matter as "defendant" does not "improperly infuse argument" into opening statements and trial testimony, as Mario Ramirez argues. ECF No. 230, at 5. Rather, the term is factually accurate: the moving Defendants are each defendants in this matter. Similarly, it is not inaccurate to describe 5-Hour Energy and other complaining witnesses as "victims" of counterfeit, even presuming that Defendants are innocent of the crime alleged. The cases cited by Defendants are not persuasive. In *United States v. Waters*, 627 F.3d 345, 352–53 (9th Cir. 2010), the Ninth Circuit upheld the district court's ruling that the *defendant* in a criminal case could not argue that *the criminal defendant herself* was the "victim of government misconduct." This is far from persuasive authority that the Court must preclude the government from describing 5-Hour Energy or other consumers as victims of counterfeit here. The Court will instruct the jury on the presumption of innocence afforded to defendants in a criminal trial. The use of the terms "defendant" and "victim" does not unduly prejudice Defendants. Accordingly, these motions are DENIED.

### VIII. Mario Ramirez's Motion in Limine No. 5

Mario Ramirez's motion in limine number 5, joined by Camilo Ramirez and Adriana Shayota, seeks to preclude the government from using the term "counterfeit boxes." ECF No. 230, at 7–8. The moving Defendants contend that the labeled *bottles* were counterfeit, but "not the boxes that Mr. Ramirez is alleged to have manufactured." *Id.* at 7. Moreover, the moving Defendants assert that a "counterfeit box" is a "factual impossibility." *Id.* at 8. Count One of the Superseding Information alleges that Defendants conspired to traffic in counterfeit goods "by repackaging and counterfeiting and offering for sale counterfeit 5-Hour Energy." ECF No. 169, at 5. The Superseding Information states that the "repackaging phase" of the conspiracy involved replacing "Spanish-language labeling and display boxes with counterfeit labels and display boxes designed to imitate" authentic packaging. *Id.* at 5–6. The government has latitude in selecting the narrative with which it chooses to present its case. *See Old Chief v. United States*, 519 U.S. 172, 187–89 (1997) (explaining that "the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt"). There is a factual

basis for the government's use of the term "counterfeit box," and the term is not unduly prejudicial to Defendants. Accordingly, this motion is DENIED.

**IX. Mario Ramirez's Motion in Limine No. 6**

Mario Ramirez's motion in limine number 6, joined by Camilo Ramirez and Adriana Shayota, requests that the Court exclude summary charts unless they are based on conduct or overt acts specifically alleged against the relevant Defendant. ECF No. 230, at 8. Federal Rule of Evidence 1006 provides that a summary or chart may be used "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. As Mario Ramirez concedes, the Ninth Circuit has held that summary charts may set forth a conspiracy's entire scope. *See United States v. Rizk*, 660 F.3d 1125, 1131–32 (9th Cir. 2011) ("The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment."). The Government asserts that it intends to use several summary charts describing the alleged conspiracy and that, consistent with Rule 1006, it will present these charts to Defendants for inspection by the first week of October. ECF No. 266, at 4. Once the government does so, Defendants may raise specific objections under Rule 403 to the government's proposed summaries and charts. This motion is thus DENIED without prejudice.

**X. Mario Ramirez's Motion in Limine No. 7**

Mario Ramirez's motion in limine number 7, joined by Camilo Ramirez and Adriana Shayota, requests that the Court hold trial on consecutive days. ECF No. 230, at 10. The Court established the trial schedule in its Case Management Order on May 13, 2016. ECF No. 150, at 2. This schedule shall remain in effect. This motion is DENIED.

**XI. Mario Ramirez's Motion in Limine No. 8**

Mario Ramirez's motion in limine number 8, joined by Camilo Ramirez and Adriana Shayota, seeks to preclude the government from evoking sympathy for 5-Hour Energy by, for example, attempting to prove 5-Hour Energy's monetary losses. ECF No. 230, at 11. The government does not oppose this motion. ECF No. 266, at 1–2. Excluding this evidence is

consistent with Rules 402 and 403 of the Federal Rules of Evidence.  *See* Fed. R. Evid. 402 & 403.  This motion is GRANTED.

### XII. Walid Jamil's Motion in Limine No. 1

Walid Jamil's motion in limine number 1, joined by Adriana Shayota, seeks to exclude witnesses from the courtroom when they are not currently testifying.  ECF No. 236, at 2.  The government does not oppose this motion, but clarifies that Federal Rule of Evidence 615 exempts its case agents from exclusion.  ECF No. 266, at 7–8.  This motion is GRANTED.  Consistent with Rule 615, this Order does not exclude the government's case agents—or any other individual exempt from exclusion by Rule 615—from the courtroom.  *See*  Fed. R. Evid. 615; *see also United States v. Gonzales*, 221 F.3d 1349, at *1 (9th Cir. 2000) (table) (interpreting Rule 615's exemptions as including government investigative agents).

### XIII. Walid Jamil's Motion in Limine No. 2

Walid Jamil's motion in limine number 2, joined by Adriana Shayota, requests that the Court permit the moving Defendants  "to impeach the credibility of any former co-defendants turned prosecution witnesses with their convictions of felony offenses in this case."  ECF No. 236, at 2.  Federal Rule of Evidence 615 permits a witness's credibility to be impeached by evidence of a felony conviction, *see* Fed. R. Evid. 615, and the government does not oppose this motion,  ECF No. 266, at 2.  This motion is GRANTED.

**IT IS SO ORDERED.**

Dated: October 4, 2016

_____
LUCY H. KOH
United States District Judge

9
Case No. 15-CR-00264-LHK-1
ORDER ADDRESSING MOTIONS IN LIMINE