UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>JOSEPH SHAYOTA,<br><br>                Defendant. | Case No.15-CR-00264-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 318 |

        On November 18, 2015, Defendants Mario and Camilo Ramirez ("Defendants") filed a motion to change venue from the Northern District of California to the Southern District of California. ECF No. 63. The Court denied this motion on December 23, 2015. ECF No. 74.

        Ten months later, on October 17, 2016, which is one week before the October 24, 2016 trial, Defendants filed a motion for leave to file a motion to reconsider the motion to transfer venue. ECF No. 318 ("Mot.").

        Criminal Local Rule 2-1 states that "[t]he provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically

1

1  applicable to criminal cases." Civil Local Rule 7-9 governs a motion for leave to file a motion for

2  reconsideration, and no part of the criminal local rules, the Federal Rules of Criminal Procedure,

3  or any other provisions of law are inconsistent with these requirements. *See, e.g.*, *United States v.*

4  *Bhatia*, 2007 WL 4287328, at *2 (N.D. Cal. Dec. 5, 2007) (applying Civil Local Rule 7-9 to a

5  criminal case through the force of Criminal Local Rule 2-1); *see also* Mot. at 3 (conceding that

6  Civil Local Rule 7-9 governs the instant motion). Civil Local Rule 7-9 thus governs the instant

7  motion. Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory

8  order:

9

10     (1) That at the time of the motion for leave, a material difference in fact or law

11     exists from that which was presented to the Court before entry of the interlocutory

12     order for which reconsideration is sought. The party also must show that in the

13     exercise of reasonable diligence the party applying for reconsideration did not

14     know such fact or law at the time of the interlocutory order; or

15     (2) The emergence of new material facts or a change of law occurring after the

16     time of such order; or

17     (3) A manifest failure by the Court to consider material facts or dispositive legal

18     arguments which were presented to the Court before such interlocutory order.

19

20     Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration

21  may repeat any oral or written argument made by the applying party in support of or in opposition

22  to the interlocutory order which the party now seeks to have reconsidered."

23     Defendants have not pointed to any change in the law since the Court denied Defendants'

24  motion to transfer, nor have they argued that the Court manifestly failed to consider material facts

25  or dispositive legal arguments in denying Defendant's motion to transfer. Instead, Defendants

26  have included only two sentences arguing that there has been a material change of fact justifying a

27

28

2

Case No. 15-CR-00264-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER MOTION TO TRANSFER
VENUE

motion for reconsideration. Defendants state that unlike in the prior motion to transfer, "this Court has now schedule[d] *three* trials and all the defendants who objected to a change of venue have pled guilty. This Court could now transfer venue for the Ramirez defendants (and any defendants who wish to join) to the Southern District of California without any waste of resources." Mot. at 5.

This is not a sufficient change in material fact to justify granting leave to file a motion for reconsideration. As the Court discussed in its first order denying the motion to transfer, transfer was not justified in large part because transfer would "require a second federal court to familiarize itself with the case's many nuances and complexities." ECF No. 74 at 7; *see also United States v. Acuna*, 2008 WL 2812306 (D. Haw. July 21, 2008). This is even more true now. Defendants' eleventh-hour motion for leave was filed one week before trial. This Court has already ruled on countless complex motions, including all motions in limine, prepared preliminary jury instructions, reviewed much of the evidence, and held numerous case management conferences, hearings, and two pre-trial conferences. The cost in efficiency to transfer some or all of the defendants in this case for trial in a different federal court would be substantial. Thus, it is not true that the Court could now transfer venue "without any waste of resources." Mot. at 5. As Defendants concede, the Court "carefully consider[ed] the ten factors from *Platt v. 3M*, 376 U.S. 240, 243–44 (1964), in denying the motion to transfer. Defendants' motion offers no "material change" in fact or law that would justify reconsidering this decision. The Court therefore DENIES Defendants' motion for leave to file a motion for reconsideration of the motion to transfer venue. **IT IS SO ORDERED.**

Dated: October 21, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

3

Case No. 15-CR-00264-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER MOTION TO TRANSFER
VENUE

United States District Court
Northern District of California