UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH SHAYOTA and ADRIANA SHAYOTA<br><br>  Defendant. | Case No. 15-CR-00264-LHK<br><br>**ORDER DENYING DEFENDANT JOSEPH SHAYOTA'S MOTION TO SEVER** |

After opening statments on October 25, 2016, Defendant Joseph Shayota moved to sever his trial from the trial of his wife and co-defendant Adriana Shayota. Joseph Shayota contended that he should be tried separately because Adriana Shayota's opening statement raised Joseph Shayota's extramarital affair with Tyneisha Evans even though the Government's opening statement did not. Thus, Joseph Shayota claimed that Adriana Shayota's opening statement was unfairly prejudicial and forced Joseph Shayota to modify his opening statement.

The Court has already granted several severances in the instant case, in which eleven defendants were indicted. One of the defendants is a fugitive, and four others have pled guilty. Six defendants remain, and the Court will conduct three trials with two defendants per trial. The

history of severances in this case follows.

On March 23, 2016, Defendants Joseph Shayota and Kevin and Fadi Attiq filed motions to sever. ECF Nos. 117, 111. The motions sought to sever Defendants' trials from the trial of Walid Jamil. The basis of Joseph Shayota's motion was that the Government would "introduce at trial out-of-court confessions or admissions made by [Walid] Jamil in the form of deposition testimony from [certain] related civil proceedings." ECF No. 145 at 5. Such testimony, Joseph Shayota argued, would run afoul of the holding in *Bruton v. United States*, 391 U.S. 123 (1968). The Court found Joseph Shayota's motion to sever premature, as the Government had not yet indicated what deposition testimony it would offer at trial. *Id.* at 5–6. The Court therefore denied Joseph Shayota's motion to sever without prejudice.

The basis for Kevin and Fadi Attiq's motion to sever was that Walid Jamil had filed a declaration stating that Walid Jamil would offer exculpatory testimony as to Kevin and Fadi Attiq if Walid Jamil were tried separately from Kevin and Fadi Attiq. The Court granted Kevin and Fadi Attiq's motion to sever. *Id.* at 5. In reaching this conclusion, the Court noted that Kevin and Fadi Attiq "ha[d] made a reasonable showing that [co-Defendant] Walid Jamil would testify if severed," and that Walid Jamil would offer exculpatory testimony. *Id.* at 3. "In particular," Kevin and Fadi Attiq had "provided a declaration from Walid Jamil directly stating that he would testify on behalf of [Kevin and Fadi Attiq] if their case were to be severed, but that he would not wish to testify at a joint trial." *Id.* at 3–4.

On August 24, 2016, the Court held a status conference in which the Court ordered the parties to meet and confer regarding severance issues and file a Joint Severance Status Report. ECF No. 207 at 1–2. The parties filed their Joint Severance Status Report on August 26, 2016. ECF No. 208. In this report, the parties agreed to hold one joint trial for Joseph Shayota and Adriana Shayota and another joint trial for Kevin Attiq and Fadi Attiq. *Id.* at 1. The Government proposed a single trial for the remaining Defendants: Walid Jamil, Raid Jamil, Leslie Roman, Mario Ramirez, and Camilo Ramirez. *Id.* "All of the Defendants, except for Raid Jamil, Mario Ramirez[,] and Camilo Ramirez, stipulate and agree[d]" to this proposed trial grouping. *Id.* On

September 13, 2016, the Court granted a motion by Mario Ramirez and Camilo Ramirez to sever their trial from the trials of Walid Jamil, Raid Jamil, and Leslie Roman. ECF No. 238. At that time, the Court was prepared to hold the following four trials: (1) Joseph Shayota and Adriana Shayota, (2) Kevin Attiq and Fadi Attiq, (3) Mario Ramirez and Camilo Ramirez, and (4) Walid Jamil, Raid Jamil, and Leslie Roman. However, Walid Jamil, Raid Jamil, and Leslie Roman pled guilty. As a result, three trials of two defendants each remain.

Thus, on August 24, 2016, Joseph Shayota and Adriana Shayota agreed to be tried jointly. Since that time, Joseph Shayota and Adriana Shayota have in large part litigated the case together: they have filed joint motions, ECF No. 220, 270, 306, 307, 323, a joint administrative motion, ECF No. 353, joint responses, ECF No. 346, 265, joint objections, ECF No. 359, a joint witness list, ECF No. 253, joint exhibit lists, ECF Nos. 263, 354, 369, joint proposed jury instructions, ECF No. 260, a joint proposed verdict form, ECF No. 256, and joint proposed voir dire, ECF No. 254. At no point between Joseph Shayota's stipulation to be tried jointly with Adriana Shayota on August 26, 2016 and the beginning of trial on October 24, 2016, did Joseph Shayota move to sever his trial from the trial of Adriana Shayota. Additionally, Joseph Shayota did not file a motion in limine to exclude any discussion of the extramarital affairs. Furthermore, Joseph Shayota and Adriana Shayota's joint witness list filed on September 14, 2016 identified Tyneisha Evans, one of the persons with whom Joseph Shayota had an affair, as their second witness. ECF No. 253.

Under Federal Rule of Criminal Procedure 12(b)(3)(D), a motion to sever defendants "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Joseph Shayota never moved to sever his trial from the trial of Adriana Shayota until October 25, 2016, after a jury had been selected, the Court had conducted a hearing during which the civil proceeding deponents invoked their Fifth Amendment rights and rendered themselves unavailable to testify in the instant criminal case, and opening arguments had been given in the joint trial.

Joseph Shayota does not claim that the October 25, 2016 motion for severance was timely because it could be determined only by a trial on the merits. Therefore, the Court must determine

3

whether the October 25, 2016 motion was timely because it was not reasonably available to Joseph Shayota before trial. If the basis for the motion was reasonably available to Joseph Shayota before trial, then the October 25, 2016 motion for severance is untimely under Rule 12(b)(3)(D). *See, e.g.*, *United States v. Mausali*, 590 F.3d 1077, 1081 (9th Cir. 2010) (holding that a defendant had waived the argument that the district court erroneously failed to sever his trial with a co-defendant because the defendant never moved for a severance before trial); *United States v. Yarbrough*, 852 F.2d 1522, 1531 (9th Cir. 1988) ("A motion for severance must be made both before trial and at the close of the prosecution's case-in-chief to preserve the issue on appeal.").

On October 19, 2016, the Court found that, assuming Walid Jamil was found to be unavailable to testify, deposition testimony of Walid Jamil was admissible. ECF No. 331. Many portions of this deposition testimony discussed Joseph Shayota's extramarital affairs. *See, e.g.*, Government Exhibit 60, 107:15–108:18; Government Exhibit 243:8–243:16. Thus, by at least October 19, 2016, five days before trial began, Joseph Shayota was on notice that the Government would introduce evidence concerning Joseph Shayota's extramarital affairs, including the affair with Tyneisha Evans. However, Joseph Shayota did not move for severance based on this testimony. Instead, on October 21, 2016, Joseph Shayota moved to exclude certain statements from the deposition testimony of Walid Jamil, including discussion of the extramarital affairs. ECF No. 337. The Court denied this motion as to discussion of the extramarital affairs on October 24, 2016. ECF No. 372.

Joseph Shayota knew as early as August 19, 2016, when the Government gave notice that it intended to use at trial the deposition testimony of Walid Jamil, that the extramarital affairs may be introduced into evidence. ECF No. 206. Indeed, as discussed above, Joseph Shayota and Adriana Shayota's September 14, 2016 joint witness list included Tyneisha Evans. ECF No. 253. Thus, the basis for the October 25, 2016 motion to sever – that a joint trial would involve the admission of unfairly prejudicial evidence about Joseph Shayota's extramarital affairs – was reasonably available to Joseph Shayota before trial. The October 25, 2016 motion is therefore untimely, and Joseph Shayota has not asserted any "good cause" to allow him to assert an

4
Case No. 15-CR-00264-LHK
ORDER DENYING DEFENDANT JOSEPH SHAYOTA'S MOTION TO SEVER

untimely motion. FED. R. CRIM. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.").

Even if the motion for severance were timely, however, the Court would find that a severance is not justified in this case. "[A] district court should grant severance under Rule 14 only if there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). As the Court has held, the evidence of Joseph Shayota's extramarital affairs is relevant to the Government's case against Joseph Shayota, and its probative value is not substantially outweighed by its prejudicial effect under Rule 403. ECF No. 372. Evidence of Joseph Shayota's extramarital affairs is relevant to Joseph Shayota's financial motivation for engaging in the alleged crimes, and it is also relevant to tracing the proceeds of the alleged crimes. Even if Joseph Shayota were the only defendant on trial, the Court would find that evidence of the extra-marital affairs is probative and admissible. The admission of this evidence in a joint trial therefore cannot justify severing Joseph Shayota's trial from Adriana Shayota's trial.

The joint trial is now "well under way," *United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir. 1991), and Joseph Shayota has not offered any new reason to believe that he will be prejudiced by being tried jointly with Adriana Shayota. Defendant Joseph Shayota's motion to sever is therefore DENIED.

**IT IS SO ORDERED.**

Dated: October 28, 2016

_____
LUCY H. KOH
United States District Judge

5
Case No. 15-CR-00264-LHK
ORDER DENYING DEFENDANT JOSEPH SHAYOTA'S MOTION TO SEVER