UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>           Plaintiff,<br><br>    v.<br><br>JOSEPH SHAYOTA and<br>ADRIANA SHAYOTA,<br><br>           Defendants. | Case No. 15-CR-00264-LHK<br><br>**ORDER REGARDING DISPUTED JURY INSTRUCTIONS**<br><br>Re: Dkt. No. 434 |

Before the Court are the parties proposed final jury instructions. Having considered the proposed jury instructions and arguments of the parties, the relevant law, and the evidence in the record, the Court will give Disputed Jury Instruction No. 25 Re: Definition—Deliberate Ignorance, but will not give Disputed Jury Instruction No. 32 Re: Trademark Ownership, Licensee and Disputed Jury Instruction No. 37 Re: Copyright Ownership, Licensee. The reasons for the Court's ruling are stated below.

**1. Deliberate Ignorance**

There are two factors to be considered in giving a jury instruction. First, the Court must decide "[w]hether the substance of the instruction itself is correct." *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007). This is a question of law, and appellate courts review the question

1
Case No. 15-CR-00264-LHK
ORDER REGARDING DISPUTED JURY INSTRUCTIONS

*de novo*. *Id.* Second, the Court must decide "whether an instruction should be given in the first place." *Id.* This question is "primarily factual" and "depends on the theories and evidence presented at trial." *Id.* In making this inquiry, the Court should consider "whether the proposed instruction is relevant to the issues presented or would unduly confuse the jury." *Id.* Such decisions are therefore within the Court's discretion. *See, e.g.*, *United States v. Johnson*, 459 F.3d 990, 992 n. 3 (9th Cir.2006) ("We review for abuse of discretion whether the factual foundation for a proposed instruction exists.").

In deciding whether to give an instruction, the Court must "view the evidence in the light most favorable to the party requesting it." *Heredia*, 483 F.3d at 922. In deciding whether to give a deliberate ignorance instruction, the Court must determine "whether the jury could rationally find deliberate ignorance even though it has rejected the government's evidence of actual knowledge. If so, the court may . . . give a [deliberate ignorance] instruction." *Id.*

In *Heredia*, the Ninth Circuit found that a jury could rationally find that the defendant was willfully blind to the fact that the car she was driving contained several hundred pounds of marijuana, even though the government had presented evidence that the defendant actually knew about the drugs because she was involved in putting them in the car. *Id.* Nevertheless, the Ninth Circuit found that even if the jury did not "believe[] the government's case in its entirety," the jury could have found that the defendant was deliberately ignorant. *Id.* at 923. However, the Ninth Circuit has also stated that a deliberate ignorance "instruction is inappropriate where the evidence could justify one of two conclusions, either that the defendant had knowledge, or that the defendant did not, but not a third conclusion, that the defendant deliberately shut her eyes to avoid confirming the existence of a fact she all but knew." *United States v. Mapelli*, 971 F.2d 284, 286 (9th Cir. 1992).

Defendants argue that giving the deliberate ignorance instruction allows the Government to improperly "shift its theory of the case." ECF No. 434 at 29. However, as described above, under Ninth Circuit precedent the question is not what theory the Government presented, but what theory the jury could rationally find. The instant case is similar to *Heredia*. In *Heredia*, the Ninth Circuit

2

Case No. 15-CR-00264-LHK
ORDER REGARDING DISPUTED JURY INSTRUCTIONS

stated that even if the jury did not "believe[] the government's case in its entirety," and instead credited some of the defendant's "exculpatory statements," the jury could rationally find deliberate ignorance. *Heredia*, 483 F.3d at 923. For example, the Ninth Circuit stated, the jury could have believed that the defendant was not involved in loading drugs into the car, but then disbelieved the defendant's story about "*when* she first began to suspect she was transporting drugs" and what she did after that point. *Id.* The same is true here. In deposition testimony produced at trial, both Joseph Shayota and Adriana Shayota stated that they were ignorant of the illegal activities related to the production of 5-Hour Energy. However, the jury "could [find] that [their] suspicions were aroused" during the course of their dealings with Walid Jamil and others, and that Joseph and Adriana Shayota deliberately failed to investigate. *Id.* There are many "scenarios the jury could rationally have drawn from the evidence presented" that could support a finding of deliberate indifference in this case. *Id.* Therefore, the Court exercises its discretion to find that the factual predicate for a deliberate indifference instruction is present in the instant case.

The Ninth Circuit has stated that in general, giving both an actual knowledge and a deliberate ignorance instruction is not likely to confuse a jury. *Id.* Nevertheless, a court has discretion to refuse to give an instruction, even if the factual predicates for the instruction are present, if the court believes that the instruction might confuse the jury. *Id.* at 924. In this case, a deliberate ignorance instruction is not likely to confuse the jury, especially because the jury instruction specifically states that the jury should not find deliberate ignorance if Defendants were simply careless. Therefore, the Court exercises its discretion to find that giving the deliberate ignorance instruction is appropriate.

**2. Trademark Implied License**

Licenses for trademarks can in some circumstances be implied by an "entire course of conduct." *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.,* 448 F.3d 1118, 1129 (9th Cir.2006) (describing an implied license as a defense to trademark infringement). "Licenses are contracts governed by ordinary principles of state contract law." *Bazaar Del Mundo,* 448 F.3d at 1130 (quotations omitted). However, the circumstances under which an

3

implied license can be found are limited. First, there must be "evidence of an agreement or course of conduct by the parties to contract for a trademark license." *Id.* There is also a second requirement that a licensor "maintain control over the quality of the product or service to guarantee to the public that the goods or services are of the same, pre-license quality." *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1017 (9th Cir.1985); see *also Stanfield v. Osborne Indus., Inc.,* 839 F. Supp. 1499, 1504 (D. Kan. 1993) (stating that the Ninth Circuit, like most circuits, requires that a licensor "in fact exercised control over the licensee's operations so as to ensure adequate quality"), *aff'd,* 52 F.3d 867 (10th Cir.1995). In some cases, courts have not "require[d] a formal system of quality control" when the licensor and licensee have a "close association." *Woodstock's Enterprises Inc. (California) v. Woodstock's Enterprises Inc. (Oregon),* 43 U.S.P.Q.2d 1440 (T.T.A.B.1997).

Thus, Defendants' proposed jury instruction, which states only that "[a] license need not be in writing, and may be granted orally or by implication," is incomplete. ECF No. 434 at 38. At the very least, a proper jury instruction for implied trademark license would have to include instruction about the "entire course of conduct" and the need for the licensor to maintain control of the quality of the product.

Defendants have indicated that they would prefer no instruction on trademark license if the Court's jury instruction includes requirements for an implied license. Thus, because a proper jury instruction on an implied trademark license would necessarily include the requirements for an implied license, the Court will not give any instruction on trademark license.[1]

**3. Copyright Implied License**

Like trademarks, copyrights are also subject to implied licenses. However, the

---

[1] Moreover, in the instant case, Defendants have not claimed that Living Essentials "maintain[ed] control" over the quality of the counterfeit product as part of an implied license. *Transgo*, 768 F.2d at 1017. Therefore, the Court finds that there is no factual predicate that could justify including a jury instruction about implied trademark license. Because there is no factual predicate for a jury instruction about implied trademark license, and the Defendants have withdrawn their request for an instruction on trademark license, the Court need not address whether implied trademark license is an affirmative defense for which the Defendant bears the burden.

4
Case No. 15-CR-00264-LHK
ORDER REGARDING DISPUTED JURY INSTRUCTIONS

1  requirements for an implied license for a copyrighted work are stringent. The Ninth Circuit gives
2  the following model jury instruction for the affirmative defense of implied license in copyright
3  actions:

> The defendant contends that [he] [she] [it] is not liable for copyright infringement because the plaintiff granted [him] [her] [it] an implied license in the plaintiff's copyrighted work. The plaintiff cannot claim copyright infringement against a defendant who [copies] [distributes] [uses] [modifies] [retains] the plaintiff's copyrighted work if the plaintiff granted the defendant an implied license to [copy] [distribute] [use] [modify] [retain] the work.
>
> In order to show the existence of an implied license, the defendant has the burden of proving that:
>
> the defendant requested that the plaintiff create a work;
>
> the plaintiff made that particular work and delivered it to the defendant; and
>
> the plaintiff intended that the defendant [copy] [distribute] [use] [modify] [retain] the plaintiff's work.
>
> If you find that the defendant has proved by a preponderance of the evidence that the plaintiff granted [him] [her] [it] an implied license to [copy] [distribute] [use] [modify] [retain] the copyrighted work, your verdict should be for the defendant [on that portion of the plaintiff's copyright infringement claim].

Copyright—Affirmative Defense—Implied License, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, § 17.24 (2010 ed.). As set forth above, the defendant bears the burden of proof on the affirmative defense of implied license to copyright infringement. *Asset Mktg.,* 542 F.3d at 754.

Defendants' proposed instruction regarding implied copyright licenses states only that "[a] nonexclusive license need not be in writing, and may be granted orally or by implication." ECF No. 434 at 46. The proposed instruction does not define a nonexclusive license, nor does it include any of the requirements for an implied copyright license that are necessary under *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558–59 (9th Cir. 1990) and other Ninth Circuit precedent, as reflected in the Ninth Circuit's model jury instruction regarding implied copyright license.

Thus, Defendants' proposed jury instruction is incomplete. ECF No. 434 at 46. A complete

jury instruction would need to include the elements discussed in *Effects Associates* and outlined in the Ninth Circuit's model jury instruction. However, as with the trademark license instruction, Defendants have stated that rather than add to Defendants' proposed jury instruction regarding implied copyright license, Defendants would prefer that the Court simply not give any instruction about copyright license. The Court finds that the proposed instruction as written is incomplete, and therefore the Court will not give any instruction about copyright license.

**IT IS SO ORDERED.**

Dated: November 18, 2016

_____
LUCY H. KOH
United States District Judge